IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KATIE YOUNG**                                                                  **PLAINTIFF**

**V.**                                           **NO. 4:25-CV-180-DMB-DAS**

**MISSISSIPPI VALLEY**
**STATE UNIVERSITY**                                             **DEFENDANT**

## ORDER

Katie Young objects to United States Magistrate Judge David A. Sanders' report recommending that her motion to proceed in forma pauperis be denied and that her complaint be dismissed. Because Young's objections are conclusory and the Court sees no error in Judge Sanders' recommendations, the report and recommendation will be adopted by the Court.

## I
## Procedural History

On October 30, 2025, Katie Young filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Mississippi Valley State University alleging the University "violated [her] Constitutional Right to privacy [under] the Fourteenth Amendment" by "order[ing her] academic transcript on September 25, 2025 [from Parchment LLC] without [her] consent," for which she seeks "7 million Dollars" in damages.[1] Doc. #1 at 3, 7. The same day, Young filed a pro se motion to proceed in forma pauperis without prepaying fees or costs. Doc. #2.

On November 12 2025, United States Magistrate Judge David A. Sanders issued a report ("R&R") recommending that Young's pro se "application to proceed in forma pauperis be denied

---

[1] The same day, Young filed a complaint in this federal district against Parchment LLC regarding the same matter. *Young v. Parchment LLC*, No. 4:25-CV-179-DMB-DAS, at Doc. #1 (N.D. Miss. Oct. 30, 2025) ("*Young I*").

and her complaint be dismissed for failure to state a claim." Doc. #4 at PageID 17 (emphasis omitted). Young timely filed "Plaintiff's Objection to Report and Recommendation." Doc. #5.

## II
## Standard

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "Frivolous, *conclusive* or general objections need not be considered by the district court." *Mosley v. Quarterman*, 306 F. App'x 40, 42 n.2 (5th Cir. 2008) (emphasis in original) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982));[2] *accord Scott v. Pyles*, 596 F. Supp. 3d 623, 627 (S.D. Miss. Mar. 31, 2022). "[P]lain error review applies where 'a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court' despite being 'served with notice of the consequences of failing to object.'" *Quintero v. State of Tex. – Health & Hum. Servs. Comm'n*, No. 22-50916, 2023 WL 5236785, at *1 (5th Cir. Aug. 15, 2023) (citation omitted). "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017).

## III
## Discussion

In recommending Young's in forma pauperis motion be denied and that her complaint be dismissed, the R&R observed:

> Notably, [Young] has filed a separate action in this court against Parchment, LLC, alleging a violation of the Family Educational Rights and Privacy Act (FERPA) rooted in the same set of facts alleged in this action, namely releasing her transcript to Mississippi Valley State University. *See Young v. Parchment LLC*, 4:25-cv-179-DMB-DAS, filed October 30, 2025. In *Young v. Parchment LLC*, the court has recommended dismissal of [Young's] claims on the basis that there is no private

---

[2] *Nettles* was overruled on other grounds en banc by *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

> cause of action for a FERPA violation – whether alleged under FERPA or 42 U.S.C. § 1983. *Id*., *Report and Recommendation*, dated November 6, 2025 (citing *Gonzaga University v. Doe*, 536 U.S. 273 (2002)). The same outcome is warranted in this action.
>
> [Young] does not allege that Mississippi Valley University impermissibly shared her academic record, only that it ordered a copy from Parchment LLC, what appears to be a data platform that manages educational records for academic institutions. Accordingly, [Young] has not stated a claim for a violation of any right to privacy whether under FERPA or the Fourteenth Amendment. Even assuming [Young] properly alleged a FERPA violation, the United States Supreme Court made clear in *Gonzaga University v. Doe*, 536 U.S. 273 (2002), that there is no private cause of action for a FERPA violation—neither through FERPA itself nor more broadly under the Fourteenth Amendment via 42 U.S.C. § 1983.

Doc. #4 at PageID 16–17.

In objecting to the R&R, Young asserts that (1) "[she] has demonstrated financial inability to pay the filing fee, satisfying the requirements of 28 U.S.C. 1915(a);" (2) "[she] alleges that Mississippi Valley State University accessed and ordered her academic transcript from Parchment, LLC on September 25, 2025, without her Consent, which constitutes an unauthorized access and a Violation of her right to informational privacy protected under the Fourteenth Amendment;" (3) "[w]hile Gonzaga held that FERPA does not create a private right of action under 42 U.S.C. 1983, [her] claim is not based solely on FERPA, but arises directly under the Fourteenth Amendment protections of privacy and due process;" and (4) "this case is distinct from Young v. Parchment LLC as this Defendant, Mississippi Valley State University, initiated the unauthorized request for [her] transcript, thereby setting in motion the violation of her Privacy Rights." Doc. #5 at PageID 18–19. Further, Young "requests leave to amend her Complaint to clarify her constitutional and state-law claims, and to include additional facts showing that Defendants' actions cause harm, emotional distress, and violated her privacy rights."[3] *Id.* at PageID 19.

---

[3] In *Young I*, Young made the same request in her objections. *Young I*, No. 4:25-CV-179-DMB-DAS, at Doc. #5. In *Young I*, this Court overruled the objections as conclusory and adopted the recommendations of the report there. *Id.* at Doc. #6.

3

Because Young's objections are all conclusory and otherwise fail to substantively address the R&R's reasoning for its recommendations, the objections need not, and will not, be considered by the Court[4] and thus are overruled.[5] Having overruled Young's conclusory objections, the Court concludes that the R&R's recommendations are neither clearly erroneous nor contrary to law. So, the R&R will be adopted.

As to Young's request in her objections for leave to amend her complaint, such is denied as inconsistent with Local Rule 7(b)(3)[6] and otherwise fails to comply with Local Rule 15.[7]

## IV
## Conclusion

Based on the above, (1) Young's objections [5] are **OVERRULED**; (2) the R&R [4] is **ADOPTED** as the order of the Court; (3) Young's motion to proceed in forma pauperis [2] is **DENIED**; and (4) Young's complaint is **DISMISSED without prejudice**.

---

[4] *Mosley*, 306 F. App'x at 42 n.2.

[5] Like the Court found in *Young I,* Young's objections are properly overruled on their merits regardless. FERPA—the Family Educational Rights and Privacy Act—"prohibit[s] the federal funding of educational institutions that have a policy or practice of releasing education records to unauthorized persons." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 276 (2002); *see id.* at 278 ("Congress enacted FERPA under its spending power to condition the receipt of federal funds on certain requirements relating to the access and disclosure of student educational records. The Act directs the Secretary of Education to withhold federal funds from any public or private 'educational agency or institution' that fails to comply with these conditions."). But as Young correctly acknowledges, a private individual may not sue for damages under FERPA "because the relevant provisions of FERPA create no personal rights to enforce under 42 U.S.C. § 1983." *Id.* at 276; *see id.* at 287 ("[T]here is no question that FERPA's nondisclosure provisions fail to confer enforceable rights."). More, there does not appear to be anything in FERPA distinguishing between whether an agency or institution falling under its purview "initiates" a request for the education records it describes rather than receives them; in fact, FERPA generally addresses when such agency or institution can *release* such records and to whom. *See generally* 20 U.S.C. § 1232g. Consequently, Young's complaint fails to raise a nonfrivolous issue, which means her request to proceed in forma pauperis must be denied. *See, e.g.*, *Washington v. Jackson State Univ.*, 244 F. App'x 589, 592 (5th Cir. 2007) ("Because Washington fails to show that he will raise a nonfrivolous issue on appeal, his motion to proceed IFP is denied. The appeal is without merit and is dismissed as frivolous.") (internal citation omitted).

[6] "A response to a motion may not include a counter-motion in the same document. *Any motion must be an item docketed separately from a response.*" L.U. Civ. R. 7(b)(3)(C) (emphasis added).

[7] "If leave of court is required under FED. R. CIV. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading." L.U. Civ. R. 15. However, if Young has not served her complaint on the University such that the 21-day period referenced in Federal Rule of Civil Procedure 15(a)(1) has not begun to run, the Court's leave is not required for her to amend her complaint.

**SO ORDERED**, this 2nd day of December, 2025.

                                                                        **/s/Debra M. Brown**
                                                                        **UNITED STATES DISTRICT JUDGE**